**In re Grand Jury Subpoenas Served Upon Iliana ROBINSON.**

**No. M 11–188 (KTD).**

United States District Court,
S.D. New York.

Dec. 14, 1982.

---

Lawrence Stern, New York City, for Iliana Robinson.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the U.S.; Robert Litt, Stacey J. Moritz, Asst. U.S. Attys., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The contemnor, Iliana Robinson, moves to have her adjudication of civil contempt vacated and the subpoena ordering her appearance before the grand jury quashed. Ms. Robinson is a defendant in the case of *United States v. Ferguson, et al.,* SSS82 Cr. 312 (KTD), arising out of the October 20, 1981 armed robbery of a Brink's armored truck in Nanuet, New York, and other related crimes. Ms. Robinson has been subpoenaed to testify before the grand jury that returned both the original indictment in *Ferguson* and the three superseding indictments. Ms. Robinson previously moved unsuccessfully to vacate the contempt adjudication on several grounds not asserted here. Her petition for certiorari from the Second Circuit's refusal to vacate the contempt is currently pending. These earlier proceedings are not relevant to the instant motion.

Ms. Robinson's present motion is based on the return of the last superseding indictment; this indictment, returned by the same grand jury issuing the contested subpoena, named Ms. Robinson as a defendant. This, Ms. Robinson claims, violates her fifth amendment, sixth amendment, and eight amendment constitutional rights, and further violates Fed.R.Crim.P. 15 and 16, and 18 U.S.C. § 3503(d). I find that Ms. Robinson's fifth amendment claim warrants vacating the contempt and quashing the subpoena.

In defense of its questionable actions, the government notes first, that it has granted Ms. Robinson use immunity, and second, that the Assistant United States Attorneys involved will take steps to ensure that Ms. Robinson's grand jury testimony will not be used against her in the criminal prosecution. In support of this practice of indicting and subpoenaing the same person, the government cites the Second Circuit case *United States v. Seregos,* 655 F.2d 33 (2d Cir.1981). *Seregos,* however, involved an indictment by one grand jury, and a subpoena by a different grand jury indicting a different person. This is not such a case. The same grand jury that indicted Ms. Robinson has subpoenaed her to testify. The continuing grand jury investigation, no doubt, will or at least has the potential to yield further superceding indictments. These indictments will involve Ms. Robinson, already a defendant. It is impossible practically for the grand jury returning subsequent indictments against Ms. Robinson not to consider or *use* the immunized testimony against her. This violates her fifth amendment right against compelled self-incrimination. *Cf. United States v. Hinton,* 543 F.2d 1002, 1009–10 (2d Cir.1976) (indictment dismissed when grand jury returned indictment after immunized testimony).

To suggest as the government does that it is sufficient to have a different Assistant United States Attorney, separated by some "Chinese Wall" from the Assistants in-

volved in this case, handle the testimony sought from the contemnor, is to also suggest that the grand jury is nothing more than a rubber stamp for the government. The grand jury serves a real purpose in our system of justice and I find it inappropriate for the government to attempt to denigrate that purpose by its argument here.

In sum, I find that enforcing the outstanding subpoena against Ms. Robinson, by the same grand jury that has indicted her and may return superceding indictments against her, would be a *per se* violation of her fifth amendment rights. Accordingly, the contempt adjudication is vacated, and the grand jury subpoena is quashed.

SO ORDERED.